WILLIAM P. ANDERSON & COMPANY, plaintiffs in error vs.
FRANCIS M. CHENNEY, defendant in error.

1. The undivided interest of a partner in the firm property is not liable
   to levy and sale, even after dissolution, but must be reached by process
   of garnishment.
2. The claimant's right to be protected as a *bona fide* purchaser against
   the lien of the plaintiff's judgment, on account of his four years' pos-
   session of the property, cannot be defeated by a levy without the notice
   which the law requires to be given.

Partnership. Garnishment. Judgment. Lien. Purchaser.
Before Judge HALL. Newton Superior Court. September
Term, 1873.

For the facts of this case, see the decision.

J. J. FLOYD, for plaintiffs in error.

CLARK & PACE, by PEEPLES & HOWELL, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under
the charge of the court, found the property levied on subject
to the plaintiff's execution. A motion was made for a new
trial on the ground of error in the charge of the court, and
on other grounds, as set forth therein, which motion was
overruled by the court, and the claimant excepted.

It appears from the evidence in the record that on the 25th
of September, 1861, the plaintiff obtained a judgment against
A. L. C. Hurst, the defendant, upon which execution issued on
17th January, 1862. On the 24th of May, 1869, Bowen, the
sheriff, levied the execution on one-half undivided interest in
a store-house and lot in the city of Covington, now occupied
by Sheppard & Chenney as a store-house and shop, formerly
occupied by Hurst & Brother, levied on as the property of
A. L. C. Hurst. It also appears from the evidence in the
record that on the 5th of August, 1873, sheriff Anderson
gave notice, in writing, to the claimant that the property

would be advertised for sale under the levy made by Bowen, in May, 1869.

1. One of the questions in the case was whether the property levied on was the partnership property of Hurst & Brother, or whether it was the individual property of A. L. C. Hurst, the defendant. The court charged the jury "that after the dissolution of partnership the undivided interest of one of the partners in the property of the late firm was liable to be levied on and sold under a judgment against one of the late partners, individually, and that if they believed from the evidence that the firm of Hurst & Brother had been dissolved before they sold the property levied on to George J. Hurst, although it had been a part and parcel of the property of the said firm, they should find the property subject." This charge of the court was error: Code, 1919; 40 *Georgia Reports,* 104. The copartnership property, after the dissolution of the partnership, is first liable to pay the partnership debts, before it can be made liable for the debts of one of the individual partners. The copartnership property is assets for the payment of the copartnership debts, as well after the dissolution of the partnership as before.

2. The other question in the case is a more difficult one to determine. The claimant purchased the property in November, 1867, and has been in possession of it ever since, and claims to be protected as such purchaser under the provisions of the 3583d section of the Code. The levy was made by sheriff Bowen on the property on the 24th of May, 1869, but no notice thereof was given to the claimant, who was in possession of it at the time of the levy, as required by the 3644th section of the Code, and the claimant swears that the first time he ever knew the property had been levied on was when sheriff Anderson gave him written notice, on the 5th of August, 1873, that the property would be advertised for sale under that levy. The court charged the jury "that if the levy was made within four years from the time of the purchase of the property from the defendant in execution, then the judgment had not lost its lien, and the property was subject."

This charge of the court, in view of the facts of this case, was error. The claimant had been in the possession of the property, as a *bona fide* purchaser thereof for a valuable consideration, for five years and more before he had any notice of the levy that had been made thereon by sheriff Bowen, in May, 1869, and he was in possession of it when that levy was made. More than four years had elapsed from the date of that levy up to the time he was notified of it by sheriff Anderson. In our judgment the claimant's right to be protected against the lien of the judgment as a *bona fide* purchaser, under the provisions of the 3583d section of the Code, cannot be defeated by this *secret* levy without notice. When the law requires that in all cases of the levying an execution on land, written notice of such levy must be given to the tenant in possession, it means something, and the wisdom of that rule is apparent in view of the facts of this case. If the claimant, who was in possession of the property when the levy was made, had been notified of it as the law required he should have been, he might have taken steps to protect himself from loss by having recourse against his vendor, from whom he purchased the property. Besides, a levy made as this was, and remaining secret for four years, is calculated to open the door for the perpetration of fraud, and should not be encouraged. In order to defeat the claimant's possessory right, under the statute, by the levy made by Bowen in 1869, that levy should have been shown to have been made and notice given according to law

Let the judgment of the court below be reversed.