### IVEY *v.* GATLIN.

No. 14096.   MAY 26, 1942.

28

*Fleming & Fleming,* for plaintiff.

*Henry T. Chance Jr.,* and *Roy V. Harris,* for defendant.

REID, Chief Justice. ■ The question is whether or not a cause of action is stated in the petition which alleges that a purchase by the defendant, John P. Gatlin, for cash, of the entire interest of his partner, W. J. Rivers, in a partnership business, is charged with a lien of a judgment previously obtained by the plaintiff, Willie Lee Ivey, against Rivers individually, because of Gatlin's knowledge of the judgment, so as to authorize the relief prayed, to wit: "that this court will provide some means which in its judgment is most proper, to enforce plaintiff's rights, either by appointing an auditor, agent, or receiver to examine into the facts and ascertain the real value of the property belonging to W. J. Rivers as a member of said firm on the date that plaintiff's judgment was taken." Generally judgments obtained in the courts

of this State bind all property of the defendant, both real and personal, from the date of the judgment, except as otherwise provided by the law. Code, § 110-507. "To authorize a sale of personal property, there shall be an actual or constructive seizure. A future interest in personalty may not be seized and sold, but the lien of judgments shall attach thereto so as to prevent alienation, before the right to present possession shall accrue." Code, § 39-1310. The interest of a partner in the partnership assets may be reached by a judgment creditor by process of garnishment served on the firm, and shall not be subject to levy and sale. § 75-315. In the present case the purchase of the partner's interest was made several months after the judgment against the selling partner individually was obtained, and before the present suit was instituted. There is no allegation of fraud, or prayer for a money judgment against the partner making the purchase. It affirmatively appears from the petition that process of garnishment or other means of lawful seizure of the judgment debtor's assets in the partnership had not been employed before the alleged transfer, or the institution of this suit. In *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (138 S. E. 223) it was held: "A judgment against a partner is not a lien upon his individual interest in the firm property, and such interest is not liable to levy and sale under execution upon such judgment, even after dissolution, but must be reached by process of garnishment. *Willis* v. *Henderson,* 43 *Ga.* 325; *Anderson* v. *Chenney,* 51 *Ga.* 372; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (4) (35 S. E. 347); Civil Code (1910), § 3190." In *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393), the court held: "While a judgement in this State, in a general sense, binds all the property, both real and personal, of the person against whom it is rendered, the lien of such judgment, in the special sense which prevents the alienation of the property of the debtor after its rendition, attaches only to such property of the debtor as is capable of seizure and sale under execution based upon such judgment." The contest in the case last cited was between an assignee of a debtor and a judgment creditor of the assignor-debtor of a fund to be paid by commissioners of the court upon sale of property in receivership. It was held: "Choses in action are not subject to seizure and sale under executions based upon ordinary judgments, and can only be reached by the judgment

creditor through a garnishment, or some other collateral proceeding; and inasmuch as such garnishment or collateral proceeding is necessary to fix the lien of the judgment so as to make it effective, an assignment of the chose in action by the debtor before the institution of such collateral proceeding passes to the assignee the property of the debtor in the chose in action assigned, freed from the lien of a general judgment previously rendered against the assignor." Cf. *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865); *Fourth National Bank* v. *Swift,* 160 *Ga.* 372, 376 (127 S. E. 729).

Applying the foregoing principles to the instant petition, there was no error in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*