## Richmond

VIRGINIA BANKERS ASSOCIATION v. HARRISONBURG LOAN & THRIFT CORPORATION, ET AL.

March 5, 1962.

Record No. 5383.

Present, All the Justices.

*David J. Mays (John W. Edmonds, III; Tucker, Mays, Moore & Reed,* on brief), for the appellant.

*Joseph C. Carter, Jr.* and *Henry C. Clark (Hunton, Williams, Gay, Powell & Gibson; Clark & Wilson,* on brief), for the appellees.

SNEAD, J., delivered the opinion of the court.

An appeal of right was awarded Virginia Bankers Association, a corporation, from the entry of an order by the State Corporation

Commission, whereby it was determined, among other things, by a majority of the Commission that Harrisonburg Loan & Thrift Corporation, an industrial loan company, hereinafter called Harrisonburg, may advertise that it is a member of the Virginia and American Industrial Bankers Associations without violating the provisions of § 6-251 of the Code, as amended.

Section 6-251, which relates to industrial loan associations, was amended by the 1960 General Assembly (c.64) and the pertinent portion thereof provides:

"No such corporation shall:

"1. Advertise that it is subject to regulation or supervision by the State Corporation Commission or the Bureau of Banking, or publish any advertisement suggesting that it is engaged in the business of banking or that it receives deposits."

The Commissioner of Banking informed Harrisonburg by letter that in his opinion it was violating the statute by publishing certain advertisements, and it was requested that the practices be discontinued. Harrisonburg agreed to all requests except the use of the word "withdrawals" in connection with the redemption of certificates of investment issued by it and the advertising of its memberships in the Virginia and the American Industrial Bankers Associations. There was no objection by the Commissioner to Harrisonburg's memberships in the two associations, but he contended that the advertising of such fact suggested that Harrisonburg was engaged in the banking business and thus prohibited by § 6-251, *supra.*

Since Harrisonburg and the Commissioner of Banking were unable to agree as to the proper interpretation of the first paragraph of § 6-251, *supra,* Harrisonburg made application to the Commission for a hearing on the issues involved and the matter was set for hearing. Thereafter, Virginia Bankers Association became a party to the proceeding.

The evidence adduced consisted of correspondence between the Commissioner of Banking and Harrisonburg, a form letter written by Harrisonburg in which the word "withdraw" was used, a statement of condition and a pamphlet showing, among other things, Harrisonburg's memberships in the State and National organizations, and the testimony of several representatives of industrial loan associations. The Virginia Bankers Association introduced no evidence.

F. O. Funkhouser, president of Harrisonburg Loan & Thrift Corporation, testified that Harrisonburg had been a member of Virginia Industrial Bankers Association for more than 30 years and a member

of American Industrial Bankers Association for more than 20 years; that of the 24 industrial loan associations operating in Virginia, 21 are members of the Virginia Industrial Bankers Association and that 14 are members of the American Industrial Bankers Association. He further stated that Harrisonburg, as well as other industrial loan associations, had referred to the memberships in their advertising for a number of years. This fact was corroborated by representatives of other associations.

By order entered May 1, 1961, the majority of the commission found, Commissioner Catterall dissenting, that neither the advertisement by Harrisonburg of its memberships in the two organizations in question, nor its use of the word "withdrawals" in connection with the redemption of certificates of investments issued by it constitutes a violation of § 6-251, as amended.

Virginia Bankers Association did not assign error to the holding permitting the use of the word "withdrawals". Thus we are concerned here only with the question of whether the Commission erred in finding that Harrisonburg did not violate § 6-251, as amended, by advertising that it was a member of the Virginia Industrial Bankers Association and the American Industrial Bankers Association. Virginia Bankers Association's right to prosecute this appeal has not been questioned.

Virginia Bankers Association argues that Harrisonburg by advertising its memberships in the two organizations suggests, as a matter of law, that it is in the business of banking and that the Association was not required to introduce evidence. On the other hand, Harrisonburg contends that the issue was a factual one to be determined by the Commission. With the latter view we agree.

Virginia Bankers Association maintains that the General Assembly in enacting § 6-251, as amended, has found, though not expressly so stating, that any advertisement by an industrial loan association suggesting that it is engaged in the business of banking is misleading and contrary to the public interest. Even though that be true, it remains a question of fact for the Commission to decide whether Harrisonburg's advertisements suggest that the association is engaged in the business of banking. *E. F. Drew & Co.* v. *F. T. C.*, 235 Fed. 2d 735, 740. The Commission is not required to receive evidence as to public opinion in order to determine what meaning is conveyed to the public. In the absence of testimony from the general public, it may draw upon its expert experience in deciding the natural and probable result of the

use of the expressions contained in the advertisement. *E. F. Drew & Co. v. F. T. C., supra,* at page 741.

■ An order of the Commission comes to us as *prima facie* just, reasonable and correct. Section 156(f) of the Constitution of Virginia provides:

"\* \* \* The appellate court shall have jurisdiction, on such appeal, to consider and determine the reasonableness and justness of the action of the Commission appealed from, as well as any other matter arising under such appeal; provided, however, that the action of the Commission appealed from shall be regarded as prima facie just, reasonable and correct, \* \* \*."

In *Atwood Transport Co.* v. *Commonwealth,* 197 Va. 325, 332, 88 S. E. 2d 922, Mr. Justice Spratley, speaking for the court, stated:

"The principles which govern a review of the order and finding of the State Corporation Commission have often been stated. The findings of the Commission must be regarded by us as *prima facie* just, reasonable and correct, and can not be upset in the absence of a showing of an abuse of the discretion vested in it by statutory and constitutional provisions. Constitution of Virginia, § 156 (f). *Petersburg, etc., Railway Company* v. *Commonwealth,* 152 Va. 193, 200, 146 S. E. 292." *City of Bristol* v. *Railway Company,* 200 Va. 617, 624, 107 S. E. 2d 473.

Section 6-245, as amended, refers to industrial loan associations as "banks of limited powers". The majority opinion states that the adjective "Industrial" before the word "Bankers" in the names of the two trade associations indicates that its members are in the industrial loan business and not engaged in the general banking business.

Here, the majority of the Commissioners has found as a fact that Harrisonburg and other industrial loan associations by advertising their memberships in the Virginia Industrial Bankers Association and the American Industrial Bankers Association do not suggest that they are engaged in the business of banking.

The presumption that the actions of the Commission are just, reasonable and correct has not been rebutted. The record does not show an abuse of discretion vested in the Commission and we hold it is sufficient to support the findings and conclusions reached by the Commission.

Hence the order appealed from is

*Affirmed.*