## 32373. GROSSMAN et al. v. GLASS et al.

Bowles, Justice.

Appellee Glass, plaintiff below, recovered in another action a money judgment in the amount of $211,350 against appellants Herman Grossman and Philip Grossman, defendants below. Defendants filed an appeal in that case but supersedeas was denied and execution issued against them. Appellee then filed the present action against appellants and six corporations as defendants, to invoke Code Ann. § 109A-8—317, alleging appellants to be owners of shares of stock in the defendant corporations, and seeking to have all such shares produced and delivered for levy and sale by the sheriff. An injunction was also sought enjoining transfer of any shares pending turnover. All defendants filed an answer admitting most of the pertinent allegations but denying ownership by appellants of any shares in any defendant corporation. A hearing was ordered by the court, at which appellants admitted ownership of shares in four of the defendant corporations and a prior transfer of shares by each appellant to wives and family members in one corporation. Appellants also claimed Code Ann. § 109A-8—317 (2) did not provide for such stocks to be turned over. The trial court entered a judgment against defendants requiring turn over of the admittedly owned shares and enjoined any other disposition pending performance, except to a successful purchaser following a sheriff's sale. The Grossmans, individually, appealed to this court assigning error on the judgment.

We affirm.

1. Although appellants assign seven separate enumerations of error, they argue and cite authority with respect to only two general errors in their brief filed in this court. Therefore, the other assignments will be considered abandoned under Rule 18 (c) (2) of this court. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374) (1972).

2. Appellants' Enumerations 4 and 5 complain that the lower court erred in ordering delivery of the stock into the hands of the sheriff and then ordering the shares of stock sold. They urge that Code Ann. § 109A-8—317(2) refers to "a security or security interest" only, and that

these words do not specifically include shares of stock in a corporation such as owned by them in the corporate defendants. They urge further that shares of stock are not subject to levy and sale under execution under the laws of this state. They cite no authority in support of their position, but refer only to *Atlas Supply Co. v. U. S. Fidelity &c. Co.*, 126 Ga. App. 483, 484 (191 SE2d 103), claiming that the holding in that case was not material to the decision of this court.

While Code Ann. § 39-113 provides, "choses in action are not liable to be seized and sold under execution unless made so specially by statute" (*Fourth Nat. Bank v. Swift & Co.*, 132 Ga. App. 589 (1) (124 SE2d 181)), there is authority for doing so under our law as presently constituted. Prior to the adoption of the Uniform Commercial Code there was afforded by statute a method by which shares could be reached for levy and sale in Code Ann. §§ 39-123 and 39-124 of the 1933 Code. Code Ann. § 39-124 was repealed by the enactment of the Uniform Commercial Code as was the first sentence of former Code Ann. § 39-123. This left in force the following provision in Code Ann. § 39-123: "Levy on stock; Disclosure of information. Upon demand by any sheriff, constable, or other levying officer, having in his hands any execution against any person who is the owner of any shares of stock of said bank or company, upon the president, superintendent, manager, or other officer of any corporation having access to the books thereof, said president, superintendent, manager or other officer aforesaid shall disclose to said levying officer the number of shares and the par value thereof owned by the defendant in said execution, and on refusal to do so, shall be considered in contempt of court and punished accordingly."

Also, the petition in this case is brought under the Uniform Commercial Code provisions, Code Ann. § 109A-8—317, which provides that no levy shall be valid until the security is seized by the levying officer and goes further to say: "(2) A creditor whose debtor is the owner of a security shall be entitled to such aid from courts with appropriate jurisdiction by injunction or otherwise, in reaching such security or in satisfying the claim by means

thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process."

The Uniform Commercial Code also furnishes a definition for "security" as follows (Code Ann. § 109A-8—102(1)):

"(a) A 'security' is an instrument which (i) is issued in bearer or registered form; and (ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and (iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and (iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."

In our opinion, the legislature in retaining the above portion of Code Ann. § 39-123 and in adopting Code Ann. § 109A-8—317 of the Uniform Commercial Code clearly retained the right to reach securities by a judgment creditor, for levy, and to provide a method for doing so. *Atlas Supply Co. v. U. S. Fidelity &c. Co.,* supra. We also hold that the word security referred to in Code Ann. § 109A-8—317 includes and embraces common stock in corporations such as that held by the defendants in this case.

3. Appellants also complain that the judge's order was premature, pointing out that the present complaint was filed on January 25, 1977, a hearing had on February 2, 1977, and a judgment entered thereon March 1, 1977; with only seven days from the date of service on January 26, 1977, to the date of the hearing on the rule nisi.

Appellants contend that the Civil Practice Act (Code Ann. § 81A-112), provides for the filing of defenses within thirty days after service unless otherwise provided by statute. They imply that a final hearing could not be held until that thirty days has transpired. They also urge upon the court that Code Ann. § 55-106 which reads, "Creditors without lien may not, as a general rule, enjoin their debtors from disposing of property, or obtain injunction or other extraordinary relief in equity," prevented the trial court from granting the relief sought by the plaintiff in this instance. Appellants did not complain about the rule

nisi order or hearing at the time they filed their defenses on February 2, 1977, and they participated in the hearing.

The Civil Practice Act (Code Ann. § 81A-140(b)) provides: "Trial in chambers. The judges of any court of record may, on reasonable notice to the parties, at any time, either in term or vacation, and at chambers, in any county of the circuit, hear and determine by interlocutory or final judgment any matter or issue, where a jury trial is not required or has been waived: Provided, however, nothing herein shall authorize a trial of any divorce case by consent or otherwise until after the last day upon which defensive pleadings were required by law to be filed therein." See *Phillips v. Gladney,* 234 Ga. 399 (3) (216 SE2d 297) (1975).

In this case, the defendants' pleadings admitted most of the pertinent parts of plaintiff's complaint except their ownership of stock in the defendant corporations. In their testimony at the hearing they readily admitted owning shares in certain of these corporations and these were the shares ordered turned over by the trial court. This was the relief which plaintiff sought and there was no issue left to be tried. The trial court did not err in issuing a judgment in these regards. Appellants' argument that Code Ann. § 55-106 applies overlooks the fact that the creditor in this case held a judgment lien. Code Ann. § 110-507. See *Haygood v. King,* 161 Ga. 732 (132 SE 62) (1925).

The judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1977 — DECIDED JUNE 28, 1977.

*G. Hughel Harrison,* for appellants.

*McKenna, House, Lancaster & Green, Mitchel P. House,* for appellees.