## A94A2745. NIGRI v. LOTZ.
(453 SE2d 780)

Andrews, Judge.

Nigri, who held a judgment debt against Lotz in the amount of $469,014.13, filed a petition pursuant to OCGA § 14-9A-52 seeking to charge Lotz's partnership interests in two limited partnerships with payment of the unsatisfied amount of the judgment and seeking to obtain an order transferring Lotz's partnership interests to him as a partial satisfaction of the debt. The trial court entered an order pursuant to OCGA § 14-9A-52 (a) charging Lotz's partnership interests, but the court refused to transfer Lotz's partnership interests to Nigri. Nigri appeals, claiming the trial court erred: (1) by holding that Lotz's interests in the partnerships were isolated from his claim as a judgment creditor, and (2) by refusing to transfer Lotz's partnership interests to him in satisfaction of the judgment debt.

1. As to the first enumeration of error, the trial court did not hold that Lotz's interests in the partnerships were isolated from Nigri's claim as a judgment creditor of Lotz. In fact, the trial court entered an order pursuant to OCGA § 14-9A-52 (a) charging Lotz's partnership interests with payment of the unsatisfied amount of the judgment debt. The charging order provided that, Nigri be paid "distributions of money or property attributable to such interests . . . as such distributions are made, up to the unsatisfied amount of the [judgment debt] . . . subject to and upon satisfaction of the rights, including secured creditors, having priority over [the charging order]."[1] Accordingly, the charging order enforced Nigri's statutory right under OCGA § 14-9A-52 (a) to collect the judgment debt against Lotz's financial interests in the limited partnerships by diverting payments which would otherwise have been made to Lotz.[2]

2. In his second enumeration of error, Nigri contends that he was entitled to an order transferring Lotz's partnership interests to him.

The charging order remedy invoked by Nigri is set forth in section 14-9A-52 of the Uniform Limited Partnership Act (ULPA) (OCGA § 14-9A-1 et seq.), which provides in part that: "(a) On due application to a court of competent jurisdiction by any judgment creditor of a limited partner, the court may charge the interest of the indebted limited partner with payment of the unsatisfied amount of the judgment debt and may appoint a receiver and make all other orders, directions, and inquiries which the circumstances of the case

---

[1] We do not address issues of priority between the charging order and interests of other creditors since Nigri did not raise or argue these issues on appeal.

[2] The charging order remedy is not exclusive, and the financial interests of the limited partner may also be reached by the judgment creditor by process of garnishment. See OCGA §§ 14-8-28 (e); 14-8-6 (b).

may require."

"[T]he property interest held by a limited partner is intangible personal property. A limited partner owns an interest in the legal entity but holds no title to the assets of the partnership." *Maxco, Inc. v. Volpe*, 247 Ga. 212, 214 (274 SE2d 561) (1981), corrected at 251 Ga. 892; OCGA § 14-9A-49. "A limited partner shall have the right to receive a share of the profits or other compensation by way of income and to the return of his contribution as provided in Code Sections 14-9A-46 and 14-9A-47." OCGA § 14-9A-42 (b). The charging order remedy entitles the creditor to receive the profits and surplus of the limited partnership, which the limited partner would otherwise have been entitled to receive, up to the unsatisfied amount of the judgment debt, but gives no direct remedy against specific limited partnership property.

Under the charging order entered by the trial court, Lotz remained a limited partner in the partnerships in all respects except his right to receive the distributions diverted to Nigri. Although a creditor who obtains a charging order is in a position similar to that of an assignee of the limited partner's interest, in the sense that both have a right to receive the profits and surplus to which the limited partner would otherwise be entitled, neither has the limited partner's information or inspection rights. See OCGA § 14-9A-50. A charging order under OCGA § 14-9A-52 is not an assignment of the limited partner's interest to the creditor, nor does it confer upon the creditor the status of a substituted limited partner. See A. Bromberg & L. Ribstein On Partnership, Vol. I, § 3.05 (d) (3), p. 3:72; Vol. IV, §§ 13.06 (d) (2), pp. 13:33-34; 13.07 (d) (2), p. 13:51; OCGA § 14-9A-50.

In this case, in addition to entry of the charging order, Nigri sought an order from the trial court transferring Lotz's interests in the limited partnerships to him in partial satisfaction of the debt. Under OCGA § 14-9A-52 (a), once a charging order has been entered, the trial court is authorized in aid of the order to "appoint a receiver and make all other orders, directions, and inquiries which the circumstances of the case may require." Under this broad language, we conclude that, as an aid to enforcement of a charging order under OCGA § 14-9A-52 (a), the trial court is authorized to order that a limited partner's charged interest be foreclosed by judicial sale at which the partnership interest may be purchased by the judgment creditor or a third party. Courts from other states and other authorities have generally agreed that the charging order provisions authorize the sale of a charged partnership interest. See *Tupper v. Kroc*, 494 P2d 1275 (Nev. 1972); *Fed. Deposit Ins. Corp. v. Birchwood Builders*, 573 A2d 182, 185 (N.J. Super. 1990); *Madison Hills Ltd. Partnership II v. Madison Hills, Inc.*, 644 A2d 363 (Conn. App. 1994); Bromberg & Ribstein, supra at Vol. IV, § 13.07 (d) (2), pp. 13:49-51; Vol. I, § 3.05 (d) (2),

pp. 3:72-74; Gose, The Charging Order Under The Uniform Partnership Act, 28 Wash. L. Rev. 1, 10-18 (1953); Axelrod, The Charging Order-Rights of a Partner's Creditor, 36 Ark. L. Rev. 81, 90-95 (1982).[3]

Accordingly, the trial court has discretion to determine whether or not a judicial sale of the partnership interest is an appropriate means in aid of the charging order. In general, a charging order is considered the primary method of satisfying the creditor's judgment, but the further step of ordering a sale may be considered appropriate where it is apparent that distributions under the charging order will not pay the judgment debt within a reasonable period of time. See Gose, supra at 10; see also *Tupper*, supra; *Fed. Deposit Ins. Corp.*, supra at 185; *Madison Hills Ltd. Partnership II*, supra.

A transfer of the charged interest pursuant to a foreclosure by sale, though not technically a court-ordered assignment, is the equivalent of an assignment of the limited partner's interests. The status of a purchaser of the charged interest is similar to that of an assignee in that the purchaser, like an assignee, has the right to receive the distributions that the debtor partner would have been entitled to receive, but the foreclosure sale does not place the purchaser in the position of a limited partner. Accordingly, if the creditor under the charging order is the purchaser, the creditor does not by virtue of the purchase become a substituted limited partner, and is only entitled to receive the distributions to which the debtor limited partner would have been entitled. See Bromberg & Ribstein, supra at Vol. IV, § 13.07 (d) (2), p. 13:51; § 13.06 (d) (2), p. 13:33-34; Axelrod, supra at 93-94; *Tupper*, supra at 1280; OCGA § 14-9A-50. "The principal

---

[3] Georgia has adopted both the Uniform Partnership Act (UPA) (OCGA § 14-8-1 et seq.) and the ULPA (OCGA § 14-9A-1 et seq.). Although the limited partnership in this case is governed by the provisions of the ULPA, it is also governed by the provisions of the UPA, "except insofar as the statutes relating to such [limited] partnerships are inconsistent with [the UPA]." OCGA § 14-8-6 (b). The UPA contains a charging order remedy at OCGA § 14-8-28 similar to the charging order remedy contained in the ULPA at OCGA § 14-9A-52. However, Georgia has altered its version of the UPA charging order remedy to provide that the charged interest "is not liable to be seized and sold by the judgment creditor under execution." OCGA § 14-8-28 (b). The charging order remedy under the ULPA does not contain a similar prohibition against sale of the charged interest, and the ULPA does not specifically provide for foreclosure and sale of the charged interest. Nevertheless, we conclude that the UPA prohibition against sale of a charged interest is inconsistent with the charging remedy provisions of the ULPA, and should not be applied to a limited partnership to prohibit foreclosure and sale of the charged interest of a limited partner under the ULPA. The apparent purpose of prohibiting the sale and transfer of a partner's charged interest under the UPA was the fear that it could cause disruption because the creditor-assignee may be able to seek judicial dissolution of the partnership. Ribstein, An Analysis of Georgia's New Partnership Law, 36 Mercer L. Rev. 443, 490 (1985). "However, this reasoning does not apply to foreclosure [of] limited partnership interests since the assignee of a limited partnership interest cannot seek judicial dissolution." Bromberg & Ribstein, supra at Vol. IV, § 13.07 (d) (1), n. 15.

change in the creditor's current status [under the charging order] as a result of [purchasing the charged interest at] the foreclosure and sale is that the creditor now owns the partner's entire financial interest in the partnership, including all amounts ultimately due the partner on dissolution after settlement of liabilities." Bromberg & Ribstein, supra at Vol. I, § 3.05 (d) (3), p. 3:74.

Although a trial court has broad discretion as to whether or not to order a foreclosure and judicial sale of charged interests under OCGA § 14-9A-52, this was not the remedy sought by Nigri. Nigri did not petition the trial court for foreclosure and sale of the charged interests, but requested that the trial court affix a value to the charged interests at the hearing on the charging order and immediately transfer the interests to him in partial satisfaction of the judgment debt. Although the trial court erroneously concluded that any such transfer would have had the added effect of substituting Nigri as a limited partner in the place of Lotz, there was no error in the trial court's refusal to transfer the charged interests pursuant to Nigri's petition.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Dock H. Davis,* for appellant.
*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Charles J. Cole,* for appellee.

