United States Court of Appeals,

Eleventh Circuit.

No. 95-9448.

PRODIGY CENTERS/ATLANTA NO. 1 L.P.; Prodigy Centers No. 2 L.P., Plaintiffs-Appellees,

v.

T-C ASSOCIATES, LTD., etc., Defendant-Appellee,

United States of America, Defendant-Appellant.

Nov. 7, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CV-1157-RHH), Robert H. Hall, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION 6, PARAGRAPH IV OF THE GEORGIA CONSTITUTION. TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

An unanswered question of Georgia law is dispositive of this appeal. We therefore defer our decision pending certification of the question to the Supreme Court of Georgia, pursuant to Ga. Const. art. VI, § 6, ¶ 4 and O.C.G.A. § 15-2-9(a). Specifically, we ask that the Supreme Court of Georgia determine whether a partnership interest in a limited partnership is a chose of action under Georgia law.

I. Background

The real parties in interest in this action are T-C Associates ("TCA") and the United States, which claim competing liens on an interpled partnership distribution. In our view, the case hinges on whether a partnership interest is a chose in action under Georgia law. None of the facts on which this appeal is based are in dispute.

On January 2, 1992, TCA obtained a judgment from the Fulton County Superior Court against Prodigy Child Development Centers ("PCDC") for $740,121. TCA did not attempt to record its judgment at that time.

On April 26, 1993, and July 12, 1993, the Internal Revenue Service ("IRS") assessed tax liabilities of $275,241 against PCDC. The IRS properly recorded a federal tax lien against PCDC for that amount in the Fulton County Superior Court on August 16, 1993.

Nine months later, on May 12, 1994, TCA recorded its judgment against PCDC on the General Execution Docket of the Fulton County Superior Court. TCA then obtained a charging order against PCDC from the Dekalb County Superior Court on August 19, 1994. The order charged PCDC's interests in the plaintiffs, Prodigy Centers/Atlanta No. 1 L.P. and Prodigy Centers No. 2 L.P. (collectively, the "Limited Partnerships"). The order required the Limited Partnerships to pay directly to TCA "any and all profits, wages, fees ... or income" to which PCDC was or became entitled. R1-1-Ex.B-2. The order also authorized the Limited Partnerships to interplead any funds that they believed were subject to competing claims. *See id.*

On March 10, 1995, the Limited Partnerships brought the present interpleader action regarding over $80,000 in distributions. These distributions stemmed from PCDC's partnership interests in the Limited Partnerships, as established by the Limited Partnerships' partnership agreements (the "Partnership Agreements").

TCA and the government both argued in district court that they held first-priority liens on the distribution. Because TCA obtained its judgment before the IRS recorded its tax lien, TCA asserted that it held a judgment lien on PCDC's partnership interests that primed the United States's tax lien. The government countered that TCA's judgment lien could not have attached to the partnership interests until TCA obtained its 1994 charging order, because PCDC's partnership interests were "choses in action."[1]

---

[1] A judgment lien generally does not attach to a chose in action absent a collateral charging order or garnishment. *See, e.g., McWilliams v. Hemingway,* 80 Ga.App. 843, 57 S.E.2d 623, 625 (1950).

The district court accorded TCA priority in the distributions on summary judgment. The court ruled that the distributions did not represent PCDC's "partnership interest[s]" but rather constituted "proceeds payable to PCDC as a result of its status as a partner." R1-10-9n.2. The government now re-asserts on appeal that PCDC's partnership interests are choses in action.[2]

II. Analysis

Under Georgia law, "[a] chose in action is personalty to which the owner has a right of possession in the future or a right of immediate possession which is being wrongfully withheld." O.C.G.A. § 44-12-20. Choses in action include all rights of action sounding in contract or tort. *See* O.C.G.A. § 44-12-21. Thus, a chose in action is any personal right that has not yet been reduced to possession but is recoverable by a suit at law. *See, e.g., Sterling v. Sims,* 72 Ga. 51, 53-54 (1883); *Black's Law Dictionary* 241 (6th ed.1990).

Based on these definitions, the government argues that PCDC's partnership interests are choses in action. According to Georgia law, "[a] partnership interest is personal property." O.C.G.A. § 14-9-701; *see Maxco, Inc. v. Volpe,* 247 Ga. 212, 274 S.E.2d 561, 564 (1981). A partnership interest, however, does not give a partner a present right to possess any specific partnership property. *See* O.C.G.A. § 14-9-701; *Maxco,* 247 Ga. at 214, 274 S.E.2d at 564. Instead, a partnership interest provides a partner with a right to share in any future fruits of the partnership, including distributions. *See Nigri v. Lotz,* 216 Ga.App. 204, 453 S.E.2d 780, 782 (1995); *see also* O.C.G.A. § 14-9-101(11) (defining a "partnership interest" as a right to share in profits, losses, and other distributions from a partnership). Indeed, PCDC has never possessed the interpled $80,000 but rather has depended on the Partnership Agreements to provide it with "contractual" rights to the moneys now at issue. *Cf. Peppas v. Miles,* 82 Ga.App. 438, 61 S.E.2d 429, 430 (1950) (stating that

---

[2]The government also argues that its tax lien primed TCA's judgment lien because the distributions constituted after-acquired property under *United States v. McDermott,* 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993), and because O.C.G.A. § 9-12-81 rendered TCA's lien inchoate under *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). We find these contentions to be unpersuasive. The question of whether TCA's lien attached to PCDC's interests in the Limited Partnerships before or after the government recorded its tax lien is, therefore, dispositive of this appeal.

3

a partnership agreement is a form of contract). Thus, the United States concludes that PCDC's partnership interests are "personalty" granting PCDC "contractual rights" of "future possession" in the Limited Partnerships' distributions, bringing PCDC's interests within the definition of a chose in action. *Accord, e.g., Blodgett v. Silberman,* 277 U.S. 1, 10-12, 48 S.Ct. 410, 414, 72 L.Ed. 749 (1928) (holding that partnership interests are choses in action under New York law).

TCA responds by emphasizing that a partnership interest entitles its owner to more than a bare right of future possession. Even a limited partner, TCA argues, enjoys nonmonetary information and inspection rights. *See* O.C.G.A. §§ 14-9-305, 14-9A-42. Furthermore, a general partner in a limited partnership enjoys all of the management rights normally held by a partner in a general partnership.[3] *See* O.C.G.A. §§ 14-9-403, 14-9-404, 14-9A-70 (providing rights of a general partner in a limited partnership); O.C.G.A. § 14-8-18 (listing rights of a partner in a general partnership). Thus, in TCA's view, PCDC's right to the distributions is but one element of its "status" as a limited partner and does not represent a separate chose in action arising from contract law.

The government suggests several rejoinders to TCA's "status" theory. First, the government notes that only PCDC's interests in the distribution, and not its management rights, are at issue; neither the government nor TCA is seeking to assume PCDC's non-financial rights in the Limited Partnerships. Second, both the government and TCA cite a number of cases in which Georgia courts have assumed, without deciding, that corporate stocks are choses in action. *See, e.g., Grossman v. Glass,* 239 Ga. 319, 236 S.E.2d 657, 658 (1977); *Atlas Supply Co. v. United States Fidelity & Guar. Co.,* 126 Ga.App. 483, 191 S.E.2d 103, 104 (1972). Though these cases are not dispositive, it is unclear from TCA's analysis why a Georgia court that found stocks to be choses in action would not reach a similar conclusion concerning partnership interests.

---

[3]The record does not establish whether PCDC is a limited or general partner in the Limited Partnerships.

Third, the government contends that the Georgia Supreme Court implicitly recognized that partnership interests are choses in action in *Ivey v. Gatlin,* 194 Ga. 27, 20 S.E.2d 592 (1942). In *Ivey,* the court considered whether a judgment lien attached to a partnership interest that had been sold to a good faith purchaser. Although the *Ivey* court did not explicitly discuss whether the partnership interest was a chose in action, the court appears to have relied on Georgia law regarding choses in action to reach its decision. *See id.* at 29-30, 20 S.E.2d at 594 (stating that judgment liens do not attach to choses in action). Therefore, the government maintains that *Ivey* established that partnership interests are choses in action under Georgia law.

Nonetheless, we are hesitant to rely on *Ivey* to predict the position that the Supreme Court of Georgia would take on this issue today. After reviewing *Ivey* in detail, we are uncertain as to whether the present question was squarely before the *Ivey* court. Moreover, we note that, while Georgia's partnership policies have evolved substantially in recent years, the *Ivey* opinion is relatively old. Because of these factors, we believe that it would be imprudent for us to use *Ivey* to forecast the current disposition of the Supreme Court of Georgia concerning this issue.

In sum, we have found no clear, controlling precedent from the Supreme Court of Georgia establishing whether a partnership interest is a chose in action. As we have observed previously, "Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie*[4] "guesses' and to offer the state court the opportunity to interpret or change existing law." *Mosher v. Speedstar Div. of AMCA Intern.,* 52 F.3d 913, 916-17 (11th Cir.1995) (citation omitted). Accordingly, we certify the following question to the Supreme Court of Georgia for resolution:

> DOES A PARTNERSHIP INTEREST IN A LIMITED PARTNERSHIP CONSTITUTE A CHOSE IN ACTION?

The particular phrasing of this question is not intended to limit the Supreme Court of Georgia in its consideration of the various issues posed by the entire case as it perceives them to be. The

---

[4]*Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

entire record and the briefs of the parties shall be transmitted to the Supreme Court of Georgia to assist its determination.