A02A2188. STEWART v. LANIER PARK MEDICAL OFFICE BUILDING, LTD.

(578 SE2d 572)

JOHNSON, Presiding Judge.

Lanier Park Medical Office Building, Ltd. is a limited partnership which was formed in 1982 by a group of physicians to own and manage medical office space. Richard Stewart is one of the limited partners, holding an interest of about 30 percent of the partnership. Under the terms of the partnership agreement, several of the limited partners, including Stewart, were to rent office suites in the buildings, and pay rent and a share of the operating expenses to the general partner, which is a hospital. The partnership was to last 15 years, until 1997, and then dissolve after the revenue bond which financed the construction of the buildings was repaid.

Stewart failed to pay the rent and expenses as agreed and, by February 1995, accumulated an arrearage of $87,687. That year, Stewart signed a promissory note evidencing his obligation to Lanier Park in the past due amount. In the note, Stewart agreed to make 11 payments of $5,000 and a balloon payment of $39,028. The note provided for ten percent interest per year on the principal balance. Stewart defaulted on the note, but continued to use the office space.

In 1997, Lanier Park filed suit against Stewart, seeking the balance due on the note, as well as rent and expenses which accrued after the note was signed. Stewart answered and counterclaimed, seeking dissolution of the partnership, an accounting, distribution of partnership assets, and damages for misrepresentation, breach of contract, and breach of fiduciary duty. The jury found in favor of Lanier Park, awarding it a total of $172,794 for money due on the

---

note, additional rent and operating expenses, and attorney fees. The jury awarded Lanier Park an additional $20,150 for attorney fees and costs of litigation for bad faith and stubborn litigiousness. It found in favor of Lanier Park on Stewart's breach of contract and breach of fiduciary duty claims.

In March 2001, the trial court entered judgment on the jury's verdict, reserving for later determination Stewart's claim for a distribution of assets, and his request for a full and final accounting. Stewart filed an application for interlocutory review of that judgment, but this Court denied the application as untimely.

When Stewart failed to pay the judgment, Lanier Park moved for a forfeiture of Stewart's partnership interest, and a writ of fi. fa. was issued. Lanier Park then applied for an order charging Stewart's partnership interest in order to satisfy the unpaid judgment.[1] In defense, Stewart urged that the fi. fa. was entered improperly because the judgment at issue was not yet final.

In February 2002, the court entered an order charging Stewart's interest in the partnership with the amount awarded in the March 2001 judgment and ordered that his partnership interest be foreclosed upon by judicial sale. Stewart appeals from the latest order.

1. Stewart contends that the trial court erred in granting Lanier Park a charging order against his partnership interest because Lanier Park was not a judgment creditor for purposes of OCGA § 14-9A-52. According to Stewart, the earlier judgment was not final inasmuch as two of his claims were still pending. We are not persuaded by Stewart's argument.

OCGA § 14-9A-52 provides, in relevant part, that on application by any judgment creditor of a limited partner, the court may charge the interest of an indebted limited partner with payment of the unsatisfied amount of the judgment debt.

It is true that the trial court's March 2001 judgment was not final as to all matters before the court. However, the judgment was final as to the issue of Stewart's liability to Lanier Park. Indeed, in its February 2002 order, the trial court reiterated that the judgment entered in March 2001 was final with regard to Stewart's obligation to pay Lanier Park $192,944, and that the only matters remaining were for a final accounting and possible distribution of assets. The court explained that Stewart's counterclaims had not been decided because of the practical impossibility of their resolution before Stewart paid the amount owed under the judgment. The trial court decided to enter a charging order in order to use Stewart's partnership interest toward payment of the debt, so that a proper distribu-

---

[1] See OCGA § 14-9A-52.

tion could then be made. It is clear that Lanier Park was a judgment creditor for purposes of OCGA § 14-9A-52. There was no error.

2. Stewart contends that the trial court erred in ordering a foreclosure and sale of his partnership interest because such would completely destroy his right to an accounting and distribution of partnership assets. We disagree.

Under OCGA § 14-9A-52, once a charging order has been entered, the trial court is authorized, in aid of the order, to appoint a receiver and make all other orders, directions, and inquiries which the circumstances of the case may require.[2] This broad language authorizes a trial court to order that a limited partner's charged interest be foreclosed by judicial sale.[3] Judicial sale may be appropriate where, for instance, it is apparent that distributions under the charging order will not pay the judgment debt within a reasonable amount of time.[4]

The trial court stated in the February 2002 judgment that the charging order entered in favor of Lanier Park would be ineffective without a judicial sale of Stewart's partnership interest, that, as a practical matter, issues regarding a final accounting and the distribution of partnership assets could not be decided until Stewart paid the debt he owed to the partnership, and that foreclosure was the only reasonable means of getting the debt paid.

The trial court has broad discretion in deciding whether to order a foreclosure and sale of charged interests.[5] The trial court indicated that Stewart's claim for an accounting and distribution of assets would be determined at a later date. Under the circumstances of this case, there was no abuse of discretion.

3. Stewart claims that the trial court erred in granting Lanier Park's motion in limine which, he argues, required him to proceed to trial without introducing evidence of partnership assets. Stewart argues that his primary defense was that he was entitled to set off any amount he owed the partnership with any funds or other assets it owed him, and that the jury should have been permitted to consider these accounting issues in connection with a set-off.

An accounting is an equitable remedy, and a partner has no right to a jury trial on a claim for an accounting.[6] Here, the trial court expressly recognized the problems of having a jury determine accounting matters in this case. Lanier Park has eight limited partners with investment interests, three of whom are tenants, and cred-

---

[2] *Nigri v. Lotz,* 216 Ga. App. 204, 205 (2) (453 SE2d 780) (1995).
[3] Id.
[4] Id.
[5] Id.
[6] *Williams v. Tritt,* 262 Ga. 173, 175 (3) (415 SE2d 285) (1992).

itors with certain rights. The trial court allowed the jury to first decide whether Lanier Park breached an agreement or violated a fiduciary duty to Stewart, and then reserved Stewart's right to present evidence of damages at a later date if the jury found that Lanier Park was liable to him. Despite the trial court's ruling on the motion, though, we note that Stewart was in fact permitted to present evidence of an accounting and set-off at trial.

The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse.[7] We have reviewed the record and find that the trial court did not abuse its discretion in granting the motion in limine.

4. Stewart contends that the trial court erred in refusing to charge the jury on his claim that Lanier Park breached its contract with him and breached its fiduciary duty to him by failing to give a full accounting of partnership assets upon dissolution of the partnership. We disagree.

In its charge, the court instructed the jury that Stewart claimed that Lanier Park breached the terms of the agreement by failing to dissolve the partnership and distribute assets, that Stewart claimed that Lanier Park violated a fiduciary duty to him, that the parties were required to deal with each other in good faith, that the jury must decide whether Lanier Park breached a fiduciary duty to Stewart, and that the jury was authorized to award Stewart damages if it found that Lanier Park breached its fiduciary duty to him. Stewart testified that he performed an accounting and argued to the jury that the accounting showed that he is not indebted to Lanier Park. And, the trial court indicated that a full and final accounting would occur at a later date. The charge, taken as a whole, was fair and accurate. We find no harm or prejudice to Stewart in the court's refusal to give the requested charge.[8]

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 26, 2003.

*Maddox, Cummings, Kelley & Bishop, Thomas S. Bishop*, for appellant.

---

[7] *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (b) (489 SE2d 99) (1997).

[8] See generally *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 637 (4) (512 SE2d 34) (1999).

*Smith, Gilliam & Williams, Bradley J. Patten, Forrester & Brim, James E. Brim III*, for appellee.