*Bombay Development, LLC v. Jivana, LLC*, No. 1029-9-13 Cncv (Toor, J., Feb. 25, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| BOMBAY DEVELOPMENT LLC<br> Plaintiff<br><br>v.<br><br>JIVANA, LLC and KATHLEEN<br>HANSEN-BARRE<br> Defendants | Docket No. 1029-9-13 Cncv |

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff in this case seeks to collect on two judgments previously issued against Defendant Hansen-Barre totaling over $140,000. Plaintiff seeks, inter alia, a "charging order" awarding it certain interests of Hansen-Barre in Defendant Jivana. Plaintiff has moved for summary judgment. Chad Bonnani, Esq. represents Plaintiff; Mark Weiner, Esq. represents Defendants.

### Findings of Fact

Plaintiff filed a Statement of Undisputed Material facts as required by V.R.C.P. 56. Defendants failed to file a response. Thus, the court deems all the facts admitted. V.R.C.P. 56(e)(2). Those undisputed facts establish the following.

Plaintiff Bombay obtained two judgments against Hansen-Barre, one for $19,121.47 and one for $123,641.44. Hansen-Barre is the sole member of Jivana LLC, an active Vermont limited liability company operating a spa on Church Street in Burlington. The LLC has no operating agreement.

Hansen-Barre has stated that she intends never to pay the judgments against her. She claims that the LLC has no financial statements, no annual reports, and no copies of any bills or records of accounts receivable.

Conclusions of Law

Under Vermont law, a "charging order" may be obtained by a judgment creditor against a member of a limited liability company. 11 V.S.A. § 3074. "A charging order is the postjudgment remedy specifically tailored to obtain and enforce a lien on the economic value that flows from membership in an LLC." 51 Am. Jur. 2d Limited Liability Companies § 23 (WL updated Feb. 2015). The court may "charge the distributional interest of the judgment debtor to satisfy the judgment." 11 V.S.A. § 3014. The court "may appoint a receiver of the share of the distributions due to the judgment debtor and make all other orders, direction, accounts and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order." Id. Under the statute, a charging order is a "lien on the judgment debtor's distributional interest," and the court may "order a foreclosure of [that] lien . . . at any time." Id. The statute goes on to say that it provides "the exclusive remedy by which a judgment creditor of a member [of an LLC] may satisfy a judgment out of the judgment debtor's distributional interest in a limited liability company." Id.

Plaintiff asks the court to move right to foreclosure, as well as appointing a receiver to manage the assets of the LLC, arguing that other courts have found that all of a debtor's interests in a single-member LLC may be transferred to a creditor to satisfy a judgment. There appear to be no Vermont cases applying or construing our statute. However, the court reads the cases Plaintiff cites from other jurisdictions as turning either on separate statutes permitting execution on an interest in an LLC, or on special procedures applicable in bankruptcy. *See, e.g.*, Olmstead

2

v. FTC, 44 So. 3d 76, 80-83 (Fla. 2010) (charging order is not the exclusive remedy; statutory execution is also available); In re Albright, 291 B.R. 538, 541 (Bankr. D. Colo. 2003)("Upon the Debtor's bankruptcy filing, she effectively transferred her membership interest to the estate"). However, because our statute expressly says it is the only remedy for satisfying a creditor's interests in this situation, the court rejects that approach. *Accord*, 91st St. Joint Venture v. Goldstein, 691 A. 2d 272, 276 (Md. App. 1997)(In analogous partnership context, "there is general agreement that the charging order is now the judgment creditor's exclusive method of reaching a partner's interest in a partnership and that the creditor may no longer execute directly on partnership property.").

Under "charging order" statutes, the first step should be transfer of the distributional interest. Foreclosure should be a second step, if the distributions are not sufficient to  pay the judgment in a reasonable time. *See, e.g.*, 91st St., 691 A. 2d at 278 ("[T]here seems to be at least implicit agreement [in the case law] that the charging order statute provides two basic collection methods: (1) the diversion of the debtor partner's profits to the judgment creditor; and (2) the ultimate transfer of the debtor partner's interest *should the first collection method prove unsatisfactory*.")(emphasis added); Nigri v. Lotz, 453 S.E. 2d 780, 783 (Ga. App. 1995)("In general, a charging order is considered the primary method of satisfying the creditor's judgment, but the further step of ordering a sale may be considered appropriate where it is apparent that distributions under the charging order will not pay the judgment debt within a reasonable period of time.").

Defendants do not dispute the facts or the law discussed above. They merely argue that there are significant debts against the LLC already, and thus no distributions can occur at this

time. That may be, but nothing in the statute requires the court to deny a charging order in this circumstance.[1]

Thus, the court concludes that it is appropriate at this time to grant the request for a charging order against the distributional interests of Hansen-Barre, but that foreclosure should not occur unless it appears that the distributional interest will not be a satisfactory solution. Moreover, because of the claim that the LLC essentially keeps no records, and Hansen-Barre's expressed intent to never pay the judgments at issue, a third party is required to monitor the business income and expenses to determine what is available to distribute. The court therefore agrees that a receiver is necessary. As Defendants have expressed no objection to the accountant proposed by Plaintiff, and do not challenge the proposed fees for the accountant, the court will adopt Plaintiff's proposal. The fees shall be paid out of the income of the LLC.

<u>Order</u>

The motion for summary judgment is granted. The court will issue a charging order.

Dated at Burlington this 25th day of February, 2015.

_____
Helen M. Toor
Superior Court Judge

---

[1] Hansen-Barre also raises claims of exemptions. The court does not find them relevant to issuance of a charging order. The issue may be raised if actual distributions are being made for which Hansen-Barre seeks an exemption. In that instance, the Receiver shall hold the funds pending resolution by the court.