United States Court of Appeals,

Eleventh Circuit.

No. 95-9448.

PRODIGY CENTERS/ATLANTA NO. 1 L.P.; Prodigy Centers No. 2 L.P., Plaintiffs-Appellees,

v.

T-C ASSOCIATES, LTD., etc., Defendant-Appellee,

United States of America, Defendant-Appellant.

July 29, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CV-1157-RHH), Robert H. Hall, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case, the government and T-C Associates ("TCA") assert liens on a distribution to Prodigy Child Development Centers ("PCDC") from a limited partnership. Although TCA obtained a judgment against PCDC before the government recorded its tax lien in 1993, the government argues that TCA's judgment lien did not attach to PCDC's partnership interest until TCA obtained a charging order in 1994, because PCDC's partnership interest was a "chose in action." After determining that the issue of whether the partnership interest was a chose in action was dispositive of this appeal but unsettled as a matter of Georgia law, we certified the following question to the Supreme Court of Georgia:

> DOES A PARTNERSHIP INTEREST IN A LIMITED PARTNERSHIP CONSTITUTE A CHOSE IN ACTION?

*Prodigy Centers/Atlanta No. 1 L.P. v. T-C Assoc., Ltd.,* 127 F.3d 1021, 1024 (11th Cir.1997). In answer, the Supreme Court of Georgia has decided that "a "partnership interest' is a chose in action."

*Prodigy Centers/Atlanta v. T-C Assoc.,* No. S98Q0326, --- S.E.2d ----, ---- (Ga. June 8, 1998). Since judgment liens generally do not attach to choses in action under Georgia law absent a collateral charging order to garnishment, *see, e.g., id.* at ---- n. 3, the government is correct that TCA's lien did not attach until 1994, well after the government recorded its own lien. Therefore, we REVERSE the district court's grant of summary judgment for TCA and REMAND with instructions that the district court enter summary judgment for the government.