**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 19, 2015**

# In the Court of Appeals of Georgia

A14A1940. MAHALO INVESTMENTS III, LLC et al. v. FIRST
        CITIZENS BANK & TRUST COMPANY, INC.

MCMILLIAN, Judge.

This appeal presents an issue of first impression – whether under OCGA § 14-11-504 (a), an order charging a member's interest in a limited liability company with payment of an unsatisfied judgment must be initiated as a separate action against the limited liability company. As more fully set forth below, we discern no error in the issuance of the charging order by the trial court that also entered judgment on the underlying debt and therefore affirm.

Pertinent to the issues presented here, the record shows that on August 18, 2011, appellee First Citizens Bank & Trust Company, Inc. ("FCB") obtained a judgment in excess of three million dollars (hereinafter referred to as the "original

judgment") against Mahalo Investments III, LLC ("Mahalo"), Mark B. Epstein, and Andrew Kelly (hereinafter collectively referred to as "appellants") in the State Court of Cobb County. Appellants appealed to this Court, and we affirmed the original judgment without opinion pursuant to our Rule 36. See *Mahalo Investments III v. First Citizens Bank & Trust Company, Inc.*, 319 Ga. App. XXVII (January 24, 2013) (unpublished opinion).[1]

Following remittitur, FCB engaged in discovery in an effort to collect its judgment. During their post-judgment depositions, both Epstein and Kelly revealed they owned interests in several limited liability companies (the "LLCs"), and FCB filed an application under OCGA § 14-11-504 (a) seeking an order charging their interests in the LLCs with payment of the unsatisfied judgment. FCB filed its application in the same court under the same file number assigned to the original civil action in which the original judgment was rendered, and appellants opposed FCB's request for a charging order on the basis that, inter alia, OCGA § 14-11-504 (a) requires the judgment debtor seeking a charging order to initiate a separate proceeding, apart from the proceeding in which the judgment establishing the debt

---

[1] Although our opinion may be found in the section listing unpublished written opinions issued under our Rule 33 (b), we decided this case under Court of Appeals Rule 36, which governs judgments which are affirmed without an opinion.

was rendered. Following a hearing, the trial court issued a charging order against appellants' interests in the LLCs, without specifically addressing whether the application had been properly filed in that court.

On appeal, appellants contend the trial court erred by entering the charging order against their interest in the LLCs as part of the same action in which the original judgment was entered, and without first establishing that venue and jurisdiction over the LLCs was proper.[2] Appellants argue that their position is supported by both the "statutory text and structure of the charging order remedy" as it relates to limited liability companies, limited partnerships, and partnerships, and our Supreme Court's decision in *Prodigy Centers/Atlanta No. 1 v. T-C Assoc.*, 269 Ga. 522 (501 SE2d 209) (1998).

We begin with the premise that in construing a statute, we look at its terms, giving words their plain and ordinary meaning, and "[w]here the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms." *Atlanta Independent School System v.*

---

[2] Appellants do not appear to contest FCB's general entitlement to a charging order against their interests in the LLCs.

3

*Atlanta Neighborhood Charter School, Inc.*, 293 Ga. 629, 631 (748 SE2d 884) (2013).

Under OCGA § 14-11-504, a judgment creditor of a member of a limited liability company has a statutory right to collect a judgment debt from the member's distributional interests in a limited liability company by obtaining a charging order and diverting payments to the creditor which would otherwise have been made to the member. Subsection (a) of that section sets out the procedure for obtaining a charging order:

> On application to a court of competent jurisdiction by any judgment creditor of a member or of any assignee of a member, the court may charge the limited liability company interest of the member or such assignee with payment of the unsatisfied amount of the judgment with interest. . . .

The court that can issue a charging order is mentioned twice in this provision. First, subsection (a) makes it clear that the application must be filed with a court of competent jurisdiction. Appellants do not assert on appeal that the state court does not have subject matter jurisdiction over an application for a charging order.[3] The second

_____

[3] Although in the proceedings below appellants argued that a charging order is an equitable remedy that can only be imposed by a superior court, they have not pressed this argument on appeal.

reference to court simply refers to "the court," and grammatically refers back to the "court of competent jurisdiction," which received the application. Thus, under the plain language and unambiguous language of OCGA § 14-11-504 (a), we can discern no basis for disallowing the court that entered the underlying judgment to also enter the charging order so long as that court is a "court of competent jurisdiction." See *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 363 (729 SE2d 378) (2012) ("Instead, what a legislature normally does, if it wants to make sure that readers understand that a word with a broad ordinary meaning does not include something within that meaning, is to expressly define that thing out of the category.").

Appellants point to slightly different language in the Georgia Uniform Partnership Act's charging order provision to support their argument that the judgment creditor must initiate an action in a separate court to obtain a charging order. OCGA § 14-8-28 (a) provides:

> On due application to a competent court by any judgment creditor of a partner . . ., the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner . . . with payment of the unsatisfied amount of such judgment debt with interest thereon. . . .

5

Relying on the language "the court which entered the judgment, order, or decree," appellants assert that these charging order provisions must be read *in pari materia* and the absence of this language in OCGA § 14-11-504 (a) means that the court that entered the judgment is not permitted to also enter the charging order.

Pretermitting the question of whether the charging order provisions are related statutes for purposes of applying the *in pari materia* rule, we disagree that the Georgia Uniform Partnership Act's charging order provision has any bearing on construing the plain and unambiguous language in OCGA § 14-11-504 (a). It has long been held that "[e]ven statutes *in pari materia* may not be resorted to where the language of the statute under consideration is clear." *Corey Outdoor Advertising, Inc. v. Board of Zoning Adjustments of the City of Atlanta*, 254 Ga. 221, 222 (1) (327 SE2d 178) (1985) (citing *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 732 (48 SE2d 86) (1948)).

The reason for this rule is obvious – construing statutes together that separately are plain and unambiguous may create ambiguities where none exist. In this case, the Georgia Uniform Partnership Act's charging provision specifies that the charging order may be issued by "the court which entered the judgment, order, or decree, or any other court." If, as appellants argue, the absence of the language "which entered

6

the judgment, order, or decree" in OCGA § 14-11-504 (a) means that such courts are prohibited from issuing charging orders, then the same rule ought to apply to the term "or any other court," which is also absent from subsection (a). But construing the statutes together to prohibit in one what is expressly mentioned in the other would mean that under OCGA § 14-11-504 (a), no court could issue a charging order, an absurd result that has no basis in the text.

In addition to the statutory textual argument, appellants also assert that their interpretation of the statute is supported by our Supreme Court's decision in *Prodigy Centers/Atlanta v. T-C Assoc. Ltd.,* 269 Ga. 522 (501 SE2d 209) (1998). In *Prodigy*, the issue was whether an interest in a limited liability partnership constitutes a chose in action under Georgia law. The underlying facts were that T-C Associates ("TCA") first obtained a monetary judgment against Prodigy Child Development Centers ("PCDC") in the Superior Court of Fulton County. TCA then filed a judgment lien and an application for a charging order against PCDC's interests in several limited partnerships in the Superior Court of DeKalb County. Id. at 522-523. However, before TCA's judgment lien was recorded or a charging order was issued, the Internal Revenue Service filed a federal tax lien against PCDC in the Superior Court of Fulton County. The case was subsequently removed to federal court, where the federal

7

government argued that its federal tax lien should have priority over TCA's lien because its lien was recorded prior to TCA's lien. On the other hand, TCA contended it should have priority because it obtained its judgment before the federal tax lien was filed. The government responded to this contention by asserting that the debtor's partnership interest is a chose in action, which requires a charging order, garnishment, or some other collateral proceeding in order for the judgment to attach, which had not taken place at the time the federal government filed its tax lien. The district court granted summary judgment to TCA, and this ruling was appealed to the United States Court of Appeals for the Eleventh Circuit, which certified the question to our Supreme Court. Id. at 522, (citing *Prodigy Centers/Atlanta v. T-C Assoc.,* 127 F3d 1021, 1022 (11th Cir. 1997)). Our Supreme Court answered that question in the affirmative, supporting its conclusion in part by reference to the charging order statutes under the limited liability partnership acts and the Georgia Uniform Partnership Act:

> [e]ach statute provides a means by which a judgment creditor or a partner may cause the diversion of monetary payments the partner expects to receive from the partnership to the partner's judgment creditor. *Under both statutory schemes, the judgment creditor must initiate a collateral proceeding in which the creditor seeks a court order charging the debtor partner's partnership interest with payment of the*

8

*unsatisfied amount of the judgment*, or serves process of garnishment on the partnership. (OCGA §§ 14-9-703 (a); 14-9A-52 (a); 14-8-28 (a)). A judgment creditor must initiate the identical collateral proceedings in order to attach a lien to a chose in action. [Cit.]

Id. at 526 (4).

Appellants argue that the Court's use of the phrase "initiate a collateral proceeding" means that the application for a charging order must be filed in a wholly separate action. However, we are not persuaded that *Prodigy* stands for the proposition urged by appellants. First, the question of whether an entirely new proceeding, meaning, according to appellants, a *separate* proceeding under a different case number and *possibly* in a different court, must be initiated by a judgment creditor to obtain a charging order against a member's interests in a limited liability entity was not at issue in *Prodigy*. Our appellate courts have "repeatedly cautioned that our decisions stand only for the points raised by the parties and decided by the court. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Citations and punctuation omitted.) *Holton v. Physician Oncology Svcs., L.P.*, 292 Ga. 864, 869-870 (2) (742 SE2d 702) (2013).

9

Moreover, appellants' own statutory textual argument is antithetical to its interpretation of *Prodigy*. In referencing "collateral proceedings" to obtain a charging order, *Prodigy* cited to the charging order statutes under the limited liability partnership acts and the Georgia Uniform Partnership Act. But both Georgia's Uniform Limited Partnership Act, OCGA § 14-9A-52 (a), ("ULPA") and Georgia's Revised Uniform Limited Partnership Act, OCGA § 14-9-703 (a), ("RULPA")[4] contain language similar to the language used in OCGA § 14-11-504 (a), authorizing a judgment creditor to bring an application for a charging order in "a court of competent jurisdiction," or a "competent court," respectively, and each of these statutes refers generally to "the court" that may issue the charging order.[5] In addition, *Prodigy* cited the Georgia Uniform Partnership Act's charging order provision, OCGA § 14-8-28, which appellants rely on, without distinguishing it from the limited

---

[4] Georgia's ULPA applies to limited partnerships existing before 1988, unless the pre-existing limited partnership elects to adopt the provisions of Georgia's RULPA in writing. OCGA § 14-9A-2.1; *Prodigy,* 269 Ga. at 524, n.1.

[5] OCGA § 14-9A-52 (a) provides: "On due application to a court of competent jurisdiction by any judgment creditor of a limited partner, the court may charge the interest of the indebted limited partner with payment of the unsatisfied amount of the judgment debt. . . ." OCGA § 14-9-703 (a) provides: "On application to a competent court by a judgment creditor of a partner or of any assignee of a partner, the court may charge the partnership interest of the partner or such assignee with payment of the unsatisfied amount of the judgment, with interest. . . ."

partnership charging order statutes, implying that the language should be read consistently.

Thus, the language cited by appellants in *Prodigy* merely confirms that, beyond obtaining a judgment establishing a debt, a creditor must initiate an additional proceeding, collateral to the one establishing the debt, and request a separate order from the court to charge a debtor's interests in a limited liability company, limited liability partnership, or partnership. See generally *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996) ("a contempt action to enforce court-ordered child support payments is an independent proceeding that is ancillary to the divorce action and not a new civil action"). And the charging order statutes further direct that the additional proceeding be initiated by a written application filed in a court of competent jurisdiction.

However, that conclusion merely brings us to the ultimate issue in this case – what is meant by a "court of competent jurisdiction" as that term is used in OCGA § 14-11-504 (a). And more specifically, whether jurisdiction and venue over the judgment debtor and member of the limited liability company is sufficient or whether, as appellants contend, a court is competent to issue a charging order only if jurisdiction and venue over the limited liability company is proper.

As to this issue, we begin again with the charging order statute and the remedy that it provides to a judgment creditor vis-à-vis the limited liability company. As an initial matter, we note that OCGA § 14-11-504 (a) is silent as to whether the limited liability company is to be made a party to the proceeding initiated by the application for a charging order.

Instead, subsection (a) focuses on the judgment debtor/member's interest in the limited liability company, limits the rights of the judgment creditor under the charging order: "[t]o the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest," and makes it clear that "[t]his chapter does not deprive any member of the benefit of any exemption laws applicable to his or her limited liability company interest." OCGA § 14-11-504 (a). See also OCGA § 14-11-502 (concerning assignment of a limited liability company interest). Moreover, under OCGA § 14-11-504 (b), unless provided in the articles of organization or in a written operating agreement, "a judgment creditor shall have no right under this chapter or any other state law to interfere with the management or force dissolution of a limited liability company or to seek an order of the court requiring a foreclosure sale of the limited liability company interest." See generally L. Andrew Immerman & Bryan N. Baird, *The Georgia LLC Act: Recent*

*Developments and Future Possibilities*, 6 John Marshall L. J. 565, 597 (2013) ("The amendment to section 14-11-504 (b) of the Georgia LLC Act clarifies that when a creditor receives a judgment against a member or an assignee of an LLC interest, the creditor is not thereby granted leave to interfere in the management of the LLC or to take certain other actions that would be disruptive to the company's business.").

We glean from these provisions that the charging order is a mechanism by which a judgment creditor can attach a member's limited liability company interest to satisfy an unpaid judgment, but that the charging order does not permit the judgment creditor to replace the member or otherwise interfere in the governance of the limited liability company. Moreover, it is the judgment debtor's right to possession of distributions in the future that is essentially being levied or charged. Thus, from the limited liability company's standpoint, it is business as usual except that any distributions to the member subject to the charging order are diverted to the judgment creditor. Because the limited liability company has no right or direct interest that is affected by the charging order, we see no reason why it must be added as a party to the proceeding to obtain the charging order. See *Bank of America, N. A. v. Freed*, 983 N.E.2d 509, 520-521 (Ill. App. Ct. 2012) (rejecting contention that a court must obtain jurisdiction over a limited liability company or partnership in order

to charge a judgment debtor's distributional interest in those entities under similar charging order statutes). Thus, we hold that under Georgia's limited liability company act, it is only necessary for a court to have jurisdiction over the judgment debtor to have the authority to enter charging orders against the judgment debtor's interest.

In the present case, there is no contention that the court that entered the charging order did not have jurisdiction over Epstein and Kelly. Accordingly, and because appellants assert no other error warranting reversal, we hereby affirm the order of the trial court charging Epstein and Kelly's interests in the named LLCs.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*