McMlLLIAN, Judge, dissenting.
Because I believe that the trial court erred in determining that it did not have discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b), I must respectfully dissent.
In construing a set of statutory provisions, “we look at its terms, giving words their plain and ordinary meaning, and where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms.” (Citation and punctuation omitted.) Mahalo Investments III, LLC v. First Citizens Bank & Trust Co., 330 Ga. App. 737, 738 (769 SE2d 154) (2015). Moreover, “in construing language in any one part of a statute, *71 a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.” (Citation omitted.) Tew v. State, 320 Ga. App. 127, 129 (739 SE2d 423) (2013).
In construing the language of OCGA § 17-10-6.2 (c) (1) (E), Avila maintains that the question is not whether transportation of E. S. occurred “incidentally to the offense” or at some point prior to the commission of the offense, but rather whether in proving the elements of the offense, the transportation of E. S. was involved.[10] After applying the ordinary rules of statutory construction, I cannot say that Avila’s interpretation of OCGA § 17-10-6.2 (c) (1) (E) is unreasonable. The statute defines the term “offense” to include child molestation as set out in OCGA § 16-6-4, suggesting that the elements of the crime of child molestation should be the focus of whether the offense involved transportation. And a definition of “involve” is “[t]o have as a necessary feature or consequence; entail.” The American Heritage Dictionary, New College Edition (1991). Here, it is undisputed that the act of child molestation took place after the victim was transported to the location and the transportation was not necessary to complete the crime.
On the other hand, as asserted by the State, the statute does not specifically limit the inquiry to whether the elements of the crime involved transportation. Moreover, I note that a broader definition of the term “involve” is “[t]o contain or include as a part,” The American Heritage Dictionary, New College Edition (1991), and, certainly, part of the factual basis underlying the offense was meeting up with and transporting the victim to the location where the crime was more readily committed. Thus, I also find that after applying the ordinary rules of statutory construction, the State’s interpretation of OCGA § 17-10-6.2 (c) (1) (E) is likewise reasonable.* [11]
It is a long-standing principle under Georgia law that
criminal statutes must be strictly construed against the [S]tate and liberally in favor of human liberty. Matthews v. Everett, 201 Ga. 730 (41 SE2d 148) (1947). [And if] a statute *72 increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty.
Decided July 13, 2015
Brody Law Firm, Bernard S. Brody, for appellant.
Knight v. State, 243 Ga. 770, 775 (2) (257 SE2d 182) (1979). See also Hedden v. State, 288 Ga. 871, 875-876 (708 SE2d 287) (2011) (strictly construing the language of OCGA § 17-10-6.2 (c) (1) (F) against the State).
Although the majority finds Avila’s interpretation to be “silly,” I believe that OCGA § 17-10-6.2 (c) (1) (E) may also reasonably be interpreted to preclude a deviation from the mandatory minimum only when proving the elements of the offense involve the transportation of the victim. Therefore, this Court is bound to liberally interpret this statute in favor of human liberty. See Jenkins v. State, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008) (“A criminal statute must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.”) (citation and punctuation omitted).
And while I am wholly unpersuaded by Avila’s argument that his transportation of E. S. from the relative safety of her neighborhood to an empty parking lot did not “do anything to make the offense more egregious,” I would leave it to the General Assembly to clarify its intention if indeed OCGA § 17-10-6.2 (c) (1) (E) was meant to encompass an offense such as the one committed here, in which the victim was transported to a more remote location in order for the offense of child molestation to be more easily committed without detection.
Accordingly, I believe that this matter should be remanded to the trial court so that it may exercise its discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b).[12]
I am authorized to state that Presiding Judge Barnes and Presiding Judge Phipps join in this dissent.
*73 Julia F. Slater, District Attorney, Ray W. Daniel, Assistant District Attorney, for appellee.

 And here, he argues, the child molestation offense itself did not involve the transportation of the victim, positing that such transportation may be more frequently involved in the offenses of enticing a child for indecent purposes (OCGA § 16-6-5) or false imprisonment (OCGA § 16-5-41), both of which are defined as sexual offenses under particular circumstances. See OCGA § 17-10-6.2 (a) (2) and (6).

 I, however, find no basis in the text to support the State’s argument that we should adopt a Garza-like asportation test to determine whether the offense involved transportation. See Garza v. State, 284 Ga. 696 (670 SE2d 73) (2008).

 The trial court certainly may have, upon remand, ultimately decided not to sentence Avila to less than the mandatory minimum sentence, given the facts of this case. However, this Court ought to “let the exercise of the trial court’s discretion in the imposition of [its] sentence be cast upon the record.” Bradshaw v. State, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999).