**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 11, 2016**

# In the Court of Appeals of Georgia

A15A2070. IN THE INTEREST OF C. M. B., a child.

MCMILLIAN, Judge.

This case presents an issue of first impression under the new Juvenile Code – how to calculate the 72-hour period under OCGA § 15-11-521 (a) during which the State must file a delinquency petition following a detention hearing.

The facts are largely undisputed. On Thursday, February 5, 2015 at 1:00 p.m., the juvenile court signed an order detaining C. M. B. on various charges, and a delinquency petition was filed against him on Monday, February 9, 2015 at 1:24 p.m. At the ten-day hearing on February 18, 2015, C. M. B.'s attorney verbally moved to dismiss the petition and for the release of C. M. B. based on the fact that the petition was not filed by Sunday, February 8, 2015 at 1:00 p.m., which he asserted was mandated by the 72-hour rule under OCGA § 15-11-521 (a). The trial court entered

an order denying the verbal motion, finding that under OCGA § 15-11-5, the day C. M. B. was detained and the intervening weekend days were not included in calculating the 72-hour period. The trial court found, therefore, that the State had until Tuesday, February 10, 2015 to file its petition, and because the petition was filed on Monday, February 9, it was timely. The trial court later signed a certificate of immediate review of its order, and this appeal follows our grant of C. M. B.'s application for interlocutory appeal.

The record indicates that C. M. B. was initially detained on January 29, 2015, and under OCGA § 15-11-521 (a),[1]

> [i]f a child is in detention prior to adjudication, a petition alleging delinquency shall be filed not later than 72 hours after the detention hearing. If no petition alleging delinquency is filed within the applicable time, such child shall be released from detention and the complaint shall be dismissed without prejudice.[2]

---

[1] Georgia revised its Juvenile Code in May 2013 (the "2013 revision"), and the new Code applies to all juvenile proceedings commenced on or after January 1, 2014, including the proceedings in this case. Ga. L. 2013, p. 294, 514, § 5-1 (Act 127). Both OCGA §§ 15-11-5 and 15-11-521 were enacted as a part of the 2013 revision. Ga. L. 2013, p. 294, 295, § 1-1. We note that OCGA § 15-11-521 has not been amended since its passage.

[2] This subsection also allows for the refiling of the petition in accordance with subsection (b) of the statute within the statute of limitations. OCGA § 15-11-521 (a).

The trial court's "Order Following Detention Hearing for Child Alleged to Be Delinquent Pursuant to OCGA § 15-11-506," was signed at 1:00 p.m. on Thursday, February 5, 2015, and the parties do not dispute that we calculate the 72-hour period from that time.

To determine whether the delinquency petition was timely, we turn to the applicable provisions of the Juvenile Code, which set how time periods are to be calculated. Under the current version of OCGA § 15-11-5 (a),

> [w]hen a period of time measured in days, weeks, months, years, *or other measurements of time* is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on a weekend, the party having such privilege or duty shall have through the following business day to exercise such privilege or discharge such duty.

(Emphasis supplied.) And under OCGA § 15-11-5 (c), "[w]hen the period of time prescribed is less than seven days, intermediate weekends and legal holidays shall be excluded in the computation."

In construing these provisions, "we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, [and] to give words their plain and ordinary meaning." (Citation and punctuation omitted.)

3

*Lakeview Behavioral Health Sys., LLC v. UHS Peachford, LP*, 321 Ga. App. 820, 822 (1) (743 SE2d 492) (2013). Here, as the trial court found, it is clear that "hours" are a "measurement of time" under OCGA § 15-11-5 (a), and thus the first day when the detention order was signed does not count toward the calculation. Therefore, Friday, February 6, 2015 comprised the first 24 hours of the 72-hour period. However, because seventy-two hours is clearly a period of time that is less than seven days, under OCGA § 15-11-5 (c), intervening weekend days are excluded from the computation, and under the new Juvenile Code, "'[w]eekend' means Saturday or Sunday." OCGA § 15-11-2 (76). Cf. *Livingston v. State*, 266 Ga. 501 (467 SE2d 886) (1996) (holding under provision of former Juvenile Code that when the 72-hour period expired on a holiday or weekend the detention hearing should be held on the next business day, detention hearing held at 9:00 a.m. Monday was timely where the 72-hour period for holding such a hearing expired at 5:00 a.m. Monday morning before the court opened for business). Thus, after applying the plain and unambiguous language of OCGA § 15-11-5 (a) and (c), the 72-hour period expired at the end of the day on Tuesday, February 10, and the trial court properly found that the delinquency petition was timely filed.

This interpretation is supported by the legislature's April 2014 amendment to OCGA § 15-11-5 (a) (the "2014 amendment"). When the statute was enacted in 2013, subsection (a) provided that

> [w]hen a period of time measured in days, weeks, months, years, or other measurements of time *except hours* is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on a weekend, the party having such privilege or duty shall have through the following business day to exercise such privilege or discharge such duty.

(Emphasis supplied.) Thus, in the original enactment of this provision, the General Assembly expressly excluded periods of time measured by hours from the provisions of OCGA § 15-11-5 (a), but the 2014 amendment deleted the phrase "except hours" from subsection (a). Ga. L. 2014, p. 780, 781, § 1-2 (Act 635). This amendment became effective upon its approval by the Governor on April 28, 2014, Ga. L. 2014, p. 780, 800, § 5-1, and applies in this case.

The use of the phrase "except hours" in the original version of the statute is plain and unambiguous: OCGA § 15-11-5 (a) was not originally intended to govern any time period measured in hours. It is equally apparent that by deleting this language, the legislature intended that periods of time measured in hours no longer

5

would be excepted from the statute's provisions. See *Transp. Ins. Co. v. El Chico Restaurants, Inc.*, 271 Ga. 774, 776 (524 SE2d 486) (1999) ("We must presume that the Legislature's failure to include the limiting language was a matter of considered choice."). Moreover, we must presume that when it passed the 2014 amendment, the General Assembly was aware of the 72-hour time period set forth in OCGA § 15-11-521 (a), a statute it had passed just the year before. See *Jacobs v. State*, 200 Ga. 440, 444 (37 SE2d 187) (1946).

Our construction of these statutory provisions is not changed by the fact that OCGA § 15-11-521 (a) itself contains no language expressly excluding holidays and weekends from the calculation of the 72-hour period, while, as C. M. B. notes, two other provisions of the new Juvenile Code have included and/or currently include

such language. See OCGA § 15-11-506[3] and OCGA § 15-11-400 (a).[4] Although C. M. B. does not expressly invoke the *in pari materia* rule in making this argument, it is clear that C. M. B. is essentially asserting that these statutes must be read together and that the absence of the language excluding holidays and weekends in OCGA §

---

[3] OCGA § 15-11-506 (c) provides:

Notwithstanding Code Section 15-11-5, if the detention hearing cannot be held within two days in accordance with paragraph (1) of subsection (b) of this Code section because the date for the hearing falls on a weekend or legal holiday, the court shall review the decision to detain such child and make a finding based on probable cause within 48 hours of such child being placed in preadjudication custody.

[4] OCGA § 15-11-400 (a) provides:

The continued custody hearing for a child alleged to be a child in need of services shall be held promptly and no later than:

(1) Twenty-four hours, excluding weekends and holidays, after such child is taken into temporary custody if he or she is being held in a secure residential facility or nonsecure residential facility; or

(2) Seventy-two hours, excluding weekends and holidays, after such child is placed in foster care.

See Ga. L. 2014, p. 780, § 1-25.

7

15-11-521 (a) means that holidays and weekends are included in the computation of the 72-hour period. See *Northeast Atlanta Bonding Co. v. State of Ga.*, 308 Ga. App. 573, 579 (1) (707 SE2d 921) (2011) (describing the *in pari materia* rule). However, "[i]t has long been held that even statutes *in pari materia* may not be resorted to where the language of the statute under consideration is clear." (Citation and punctuation omitted; emphasis supplied.) *Mahalo Investments III, LLC v. First Citizens Bank & Trust Co., Inc.*, 330 Ga. App. 737, 739 (769 SE2d 154) (2015). "The reason for this rule is obvious – construing statutes together that separately are plain and unambiguous may create ambiguities where none exist." Id. If, as C. M. B. argues, the absence of language in OCGA § 15-11-521 (a) excluding holidays and weekends means that holidays and weekends must be counted, we would essentially be reading a portion of the Juvenile Code's computation provision, OCGA § 15-11-5 (c), out of the statute. That would be contrary to the fundamental principle of statutory construction that we must endeavor to give each part of the statute meaning and "avoid a construction that makes some language mere surplusage." (Citation and punctuation omitted.) *Lakeview*, 321 Ga. App. at 822 (1).

Accordingly, we affirm the trial court's order denying the motion to dismiss the delinquency petition.

8

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*